PINKERTON *v.* LEDOUX.

Filed January 31, 1885.

1. EJECTMENT—VERDICT—EVIDENCE.

In ejectment, where the issue is whether the premises sued for lie within a certain grant, the title of which is conceded to be in plaintiff, and, the location of the premises sued for being known, the sole question is as to the location of the grant: and where the evidence on this question, viz., the description in the original petition for the grant, and that contained in the act of juridical possession, and the testimony of witnesses familiar with the locality, are vague and indefinite,—a verdict of "not guilty" will not be disturbed.

2. SAME—DEFECTIVE DESCRIPTION—INSTRUCTIONS.

Where the descriptions contained in the original petition for the grant and in the "writ of possession," both of which are in evidence, differ materially in their entire detail, instructions that if in finding the monuments called for as the boundary the jury could find the monuments called for in the original petition, those should have preference in the location of the grant, are not erroneous.

3. TRIAL—INSTRUCTIONS—ISOLATED ERRORS.

Although the assignments of error must point out specific errors in the instructions, still, where the charge as a whole fairly presents the case to the jury, the judgment will not be reversed, because of incidental errors, and isolated sentences open to criticism, which are contained in it.

4. SAME—HARMLESS ERROR—UNNECESSARY INSTRUCTIONS.

The refusal of an unnecessary instruction, or the giving of one not in prejudice of the interest of the complaining party, will not sustain an assignment of error.

Error to First judicial district, Mora county.

*Catron, Thornton & Clancy,* for plaintiff in error.

*William Breeden* and *M. W. Mills,* for defendant in error.

WILSON, J.    This is an action of ejectment, commenced in the county of Colfax by the plaintiff in error against the defendant in error, in which the plaintiff claimed the title and right of possession to 160 acres of land in said county, which was in the possession of the defendant.    The plaintiff claimed the land and right of possession, alleging that the land in controversy is a part and parcel of a larger tract of land known as the "Nolan Grant," which said grant, the plaintiff alleges, has by sundry legal conveyances been vested in him. By agreement of parties the case was transferred to Mora county, and there tried, resulting in a verdict and judgment in favor of the defendant.    The case came into this court upon writ of error, on application of the plaintiff, who assigns the following as errors:

(1) That the verdict is directly contrary to the evidence. (2) That the court erred in refusing to give the instruction asked for by the plaintiff. (3) The court erred in instructing the jury, without any reservation or exception, that the original petition for the Nolan grant must control the writ or act of judicial possession. (4) The court erred in instructing the jury that they must determine what the boundaries of said grant were from the words used in the petition and the writ of possession. (5) That the court erred in instructing the jury that if, upon comparing description given in the original petition and the act of judicial possession, they could not make them agree, they must give greater weight to the words and description of the petition. (6) The court erred in instructing the jury that they would not be justified in going 500 *varas* west of Los Ceritos de Santa Clara for the western boundary

of the grant, unless they found some authority for doing so in the words and description of the petition. (7) The court erred in instructing the jury that if, from the description and words in the petition and writ of possession, they were unable to definitely locate the boundary of the grant, they must find the defendant not guilty. (8) The court, in effect, submitted to the jury the question of the validity of the grant, which had been favorably reported by the surveyor general. (9) The court, in effect, took away from the consideration of the jury the act of juridical possession.

To ascertain whether any error was committed upon the trial of this cause, it is well to settle definitely what questions were in dispute between the parties. The plaintiff asked to recover from the defendant the possession of that "certain tract and parcel of land lying and being situated in the county of Colfax, in the territory of New Mexico, and being a portion of that larger tract of land commonly known as and called the "Nolan Grant," "being the same 160 acres of land upon which the said defendant now resides and occupies." This quotation from the plaintiff's declaration shows that it was incumbent on the plaintiff, to entitle him to recover, to prove title and right of possession to the larger tract, which included the land in controversy, viz., the Nolan grant. To obviate the necessity of proving title in the plaintiff, the counsel for the defendant admitted "that the plaintiff had acquired title of the original grantees in and to the western one-half of that portion of the grant in question lying north of a line running east and west across said grant through the Santa Clara hills." This left but two questions open for consideration: *First*, the location of the Nolan grant; *second*, is the land in dispute included in its boundaries? The land in dispute has a known location, so that really but one question remained to be settled, viz., where is the Nolan grant located? To inform the jury of the monuments which mark the exterior boundaries of the Nolan grant, so that its location might be determined, the originial petition asking the grant, the grant itself, and the report of the justice of the peace who put the petitioner, Nolan, into possession, (which latter is called the act of "juridical possession,") were all given in evidence at the trial. The description in the original petition is as follows:

"Being situated to the south of the possessions of Messrs. Miranda and Beaubien; on the south, one league in a direct line, including the Sapello river, according to its current, (*corrillera;*) on the west, one other league from Red river and its current; and on the south-east, the Little hills of Santa Clara, with their range to the Little canon of the Ocate."

In the report of juridical possession the description of the Nolan grant is:

"He was at the same time pointed out the boundaries of said possessions. They are, on the north, the lands of Don Guadalupe Miranda and Don Carlos Beaubien; on the south, one league south of the Sapello river, following the same range; on the east, one league east of Red river, with the same range of the river; and on the west, the Little canon of the Ocate, and five hundred *varas* west of the Little hills of Santa Clara, in a direct line."

Mrs. Mary McKeller was called as a witness for the plaintiff, and testified:

"I have seen the fence where the boundary of the Beaubien and Miranda grant runs. Defendant's house is two or more miles south of the fence that marks the boundary. * * * Defendant has lived there ever since I came to the country, four years and a half ago."

It is worthy of notice that no evidence was given on the trial to definitely fix the location of the Beaubien and Miranda grant, which the Nolan grant calls for as its northern boundary. Some other parol testimony was given by the plaintiff tending to locate the Nolan grant, and tending to prove that the land in controversy is included within its boundaries. A map was also exhibited to the jury, purporting to show the location of the Beaubien and Miranda grant on the north, Red river on the east, the Sapello river on the south, and the canon of the Ocate on the west, and also marking the location of the Little hills of Santa Clara on the west. This outline of the facts is necessary in ascertaining whether the court committed any error in the charge to the jury, and especially necessary in determining whether the verdict of the jury is against the evidence in the case. The first error assigned is, the verdict of the jury is directly against the evidence. Upon an examination of the evidence given upon the trial, considering its vagueness and want of certainty, we think the jury were justified in regarding the location of the Nolan grant too uncertain to warrant them in returning a verdict for the plaintiff.

The second error assigned is, the court erred in refusing to give the instruction asked by plaintiff, viz.: "That when a claim to a Spanish or Mexican grant has been favorably reported by the surveyor general of New Mexico, as the one here in question has been, the grantees, or their heirs or assigns, are entitled to the absolute and exclusive possession of the land embraced within the limits of such grant; and in this case it is admitted that the plaintiff has all the right, title, and interest of the original grantees to all that portion of said grant north of an east and west line running through the *ceritos* of Santa Clara, and west of a north-west and south-east line half way between the east and west boundaries of said grant."

It is evident that this point was intended to confirm the title to the Nolan grant in the plaintiff. It is equally evident that it was not necessary, for the reason that the title to the Nolan grant had already been admitted by the defendant to be in the plaintiff. This assignment of error cannot be sustained, because such instruction was not necessary. The eighth error is equally easy to dispose of. The error complained of is as follows: "The court, in effect, submitted the question of the validity of the grant which had been favorably reported by the surveyor general." The court, in its charge, instructs the jury that "if they believe from the evidence that the land of which the defendant is in possession is within the limits of the grant which has been favorably reported by the surveyor general, they must find the defendant guilty." The charge of the court refutes the eighth assignment of error. The sixth error complained of is as follows: "The

court erred in instructing the jury that they would not be justified in going five hundred *varas* west of Los Ceritos de Santa Clara for the western boundary of the grant, unless they found some authority for doing so in the words and description of the petition."

This instruction, whether right or wrong, makes the west line of the Nolan grant more favorable for the plaintiff's recovery in this suit than if run as the plaintiff claimed, which is abundantly demonstrated by the plat given in evidence on the trial by the plaintiff. Hence this error, if it be one, is not available. The third, fourth, and fifth assignments of error all relate to the same subject, and may be considered together. The *gravamen* of the charge in the whole three is that the jury are instructed that the description of the land contained in the original petition, which is the grant itself, must "control" these instructions,—must be taken as intended to apply to the evidence given in the case. The petition and the writ of juridical possession had both been given in evidence, and each professed to describe the Nolan grant. In their entire detail of description they were not alike, and the gist of the instructions complained of is that the court, in substance, instructed the jury that if, in finding the monuments called for as the boundary, they could find the monuments called for in the original petition, that they should have preference in the location of the grant. This instruction, we think, is right. Therefore, the third, fourth, and fifth assignments of error cannot be maintained. The seventh error assigned is as follows: "That the court erred in instructing the jury that if, from the descriptions and words in the petition and writ of possession, they were unable definitely to locate the boundaries of the grant, they must find the defendant not guilty."

Without giving special effect to some particular word used in the point under consideration, the substance of this sentence in the charge is virtually this: The plaintiff has given in evidence the petition for the Nolan grant, and also the act of juridical possession. Each contains specified objects to aid you in definitely locating that grant. If, from the descriptions contained in both, you cannot fix the location of the grant, you must find the defendant not guilty. No other description was given in evidence by the plaintiff differing from the boundaries described in the petition and juridical possession. Consequently, we cannot see any reason for sustaining the seventh assignment of error. The ninth error assigned is as follows: that the court, in effect, took away from the consideration of the jury the act of juridical possession. In the fourth error assigned, the court recognized the writ of juridical possession as follows: "The jury must determine the boundaries of said grant from the words used in the petition and 'writ of possession.'" In the seventh error assigned, the court instructed the jury "that if, from the descriptions in the petition and writ of possession, they were unable to locate the grant, they must find for the defendant." Here are twice, at least, that the court

instructed the jury that the act of juridical possession was on equal footing with the petition in locating the Nolan grant. This evidently quiets the complaint contained in this, the ninth assignment of error.

While the rules of court require that specifications of error shall point out specifically errors assigned against a charge of the court to the jury, yet a court does not favor criticising too closely isolated sentences selected from a general charge, and they have gone so far, frequently, that incidental errors, even when they plainly appear, will not be cause of reversal, provided the charge as a whole fairly submits the law and the facts of the case to the jury. It will be remembered that the only question in this case, as before illustrated, was the location of the Nolan grant. To illustrate how faithfully and fairly this case was submitted to the jury, I copy from the charge itself, as follows:

"You must be satisfied by a preponderance of evidence that the defendant is within the boundaries petitioned for by Nolan, and into which he was inducted by the writ of possession, and unless you are so satisfied, you must find the defendant not guilty. You must determine what these boundaries are from the words used in the petition and writ of possession. If, from the description thus given, and from the extraneous evidence furnished by the plaintiff, you are not convinced that the defendant is upon the land petitioned for and given by writ of possession to the said Nolan, you must find the defendant not guilty. Upon the other hand, if you are satisfied from all the evidence that the defendant is upon said land, you must find him guilty."

These instructions cover the whole case and are unexceptionable, and, upon a critical examination of the whole case, we have not discovered error that would justify a reversal of the case. The judgment of the court below is affirmed.

BELL, J., concurs.